UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                            :

WILLIAM LEVY,                  :

                          :

                Plaintiff,     :

                          :          05 Civ. 10310 (GEL)

    -against-             :

                          :        **OPINION AND ORDER**

INA LIFE INSURANCE COMPANY OF  :
NEW YORK,                  :

                          :

                Defendant.    :

                          :
------------------------------------------------------------x

Scott M. Riemer, Riemer & Associates LLC, New
York, New York, for Plaintiff.

Kevin G. Horbatiuk, Russo, Keane & Toner, LLP,
New York, New York, for Defendant.


GERARD E. LYNCH, District Judge:

      Defendant insurer in this ERISA action seeks a protective order prohibiting plaintiff's

counsel from disclosing portions of its claims-handling manual outside the context of this

litigation, arguing that disclosure would lead to the possibility of "competitive injury" from other

disability insurers.[1]  The motion will be denied.

      Rule 26(c), Fed. R. Civ. P., provides that, "[u]pon motion by a party or by the person

from whom discovery is sought, . . . and for good cause shown, the court . . . may make any

order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense."  As the Second Circuit has held, "[a] plain reading of

---

     [1] Initially, defendant's motion also sought an order denying discovery of certain other
portions of the manual as irrelevant to this proceeding.  Plaintiff having withdrawn his demand
for those documents, that portion of the motion is now moot.

the language of Rule 26(c) demonstrates that the party seeking a protective order has the burden of showing that good cause exists for issuance of that order." In re "Agent Orange" Product Liability Litigation, 821 F.2d 139, 145 (2d Cir. 1987). See also 8 Wright, Miller & Marcus, Federal Practice and Procedure, § 2035 at 484 (2d ed. 1994) ("burden [is] on the party seeking relief to show some plainly adequate reason therefor"). A leading treatise notes that "[t]he courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusive statements, in order to establish good cause." Id.

At one time, there was a strong presumption against confidentiality orders that prevented public access to discovery materials. Agent Orange, 821 F.2d at 145-47. That presumption was significantly influenced by the requirement of former Rule 5(d), Fed. R. Civ. P., that discovery materials be filed in court, thus bringing them within the category of judicial records to which the public has a right of access. More recently, however, the Second Circuit has expressly disavowed any such presumption, noting that the modification of Rule 5(d), which now prohibits such public filing of discovery documents, undermines support for such a rule. SEC v. The Street.com, 273 F.3d 222, 231 n. 9, 233 n. 11 (2d Cir. 2001).

But while documents exchanged in discovery may not presumptively be matters of public record, that does not mean that ordinary discovery materials must be deemed confidential. Particularly where specialized counsel or repeat litigation players are involved, it is unrealistic to attempt to limit the use of discovery materials to a single case. Where the party seeking a protective order does not demonstrate the materials to be actually sensitive, courts are not obliged to enter orders that limit the freedom of opposing counsel and require the court to police future use or public disclosure of materials obtained in discovery.

2

In this case, defendant seeks an order preventing dissemination by counsel of aspects of its claims-handling manual.  The basis for defendant's request is unclear.  Although defendant asserts that disclosure of the material to its competitors could cause competitive injury, it suggests no reason to believe that plaintiff or plaintiff's counsel has any intention to disclose the material indiscriminately or to defendant's competitors.  Rather, defendant's documentation relates to its assertion that claims-handling information has been or may be disclosed to counsel for other plaintiffs in disability cases.  (D. Mem. 5-6; D. Reply Mem. 2-3.)

Nor does defendant make any factual showing that disclosure of the material would cause actual harm; it relies on precisely the sort of generalized and conclusory assertions that courts have held insufficient to show good cause for a protective order.  Notably, defendant submits no affidavit from any person with knowledge of the insurance business articulating the basis for any claim of competitive injury.  Indeed, defendant submits no factual material at all, relying solely on unsworn and totally unspecific assertions by counsel of "the possibility of 'competitive injury.'" (D. Mem. 5.)

In contrast, plaintiff (who bears no burden of proof in the matter) submits evidence casting strong doubt on defendant's claims.  According to plaintiff's affirmation, plaintiffs' attorneys in similar matters have obtained and disseminated among themselves similar materials discovered from several of defendant's competitors.  Indeed, counsel avers that UNUM Provident, "the industry leader controlling more than 60% of the long term disability insurance market," "provides a copy of its manual on a CD to any claimant who requests it."  (Reimer Aff. ¶ 4.)  This evidence, which defendant has not disputed, suggests that claims-handling manuals are not regarded within the industry as sensitive or confidential materials that must be protected

3

from disclosure to customers or competitors.[2]

The case for non-disclosure is further undermined by Department of Labor regulations requiring disclosure of procedures employed during claims processing as mandated under section 503 of ERISA.  See 29 C.F.R. §§ 2560.503-1(g)(1), (h)(2), (i)(5), (j)(5), and (m)(8). Indeed, the Department of Labor "has taken the position that internal rules, guidelines, protocols, or similar criteria would constitute instruments under which a plan is established or operated within the meaning of section 104(b)(4) of ERISA and, as such, must be disclosed to participants and beneficiaries."  U.S. Department of Labor, "Frequently Asked Questions about the Benefit Claims Procedure Regulation," C-17, www.dol.gov/ebsa/FAQs/faq_claims_proc_reg.html. These requirements make plain that such claims-handling manuals, whether in whole or piecemeal, are likely to be disseminated widely to plan participants and to litigants challenging benefits denials.  Under these circumstances, the effort to protect such materials as confidential is quixotic.[3]  The Department of Labor regulations, and the fundamental rules of discovery, require that ERISA participants and beneficiaries have access to the guidelines, rules, and

_____

[2] Notably, even after plaintiff both submitted his factual materials and specifically called attention to defendant's failure to support its assertions of competitive harm (P. Mem. 6-7 & n. 4), defendant in its reply neither challenged plaintiff's factual assertions nor made any effort to cure its failure to submit evidence for its conclusory and unsupported claims.

[3] Defendant notes that at least one portion of the cited regulations "focuses specifically on whether internal rules or guidelines were relied upon in making the *adverse benefit determination* in issue."  (D. Mem. 3; emphasis in original.)  That is correct, as far as it goes, but makes little difference to the point made above.  In this case alone, for example, defendant has agreed that 58 sections of its manual are relevant and discoverable.  (Id.)  Assuming without deciding that defendant is correct that plan participants are guaranteed access only to those portions of insurers' manuals that are relevant to their individual cases, it is nevertheless unreasonable to think that, given the abundance of litigation of this sort, any provision of such manuals would remain unknown to the plaintiffs' bar for very long.

criteria applied in granting or denying their claims.  Such materials can therefore hardly be considered confidential business information.

Defendant relies heavily on Palmiotti v. Metropolitan Life Ins. Co., No. 04 Civ. 718 (LTS), 2006 WL 510387 (S.D.N.Y. Mar. 1, 2006), in which another judge of this district overruled a magistrate judge's denial of a protective order affecting claims processing materials. The controversy in that case, however, concerned the confidentiality of an entire volume of a claims manual, and the court's actual ruling was simply that the matter be "returned to the Magistrate Judge for further proceedings," in which "the Magistrate Judge should consider which particular portions, if any, of the Claims Manual do fall within the mandated disclosure provisions of the regulation," a category including "documents or records actually relied upon in making the adverse determination, as well as policy statements or guidance with respect to the plan concerning the denied benefit for the claimant's diagnosis," and "whether the requested protective order should issue . . . *as to those portions of the Claims Manual that are* not *covered by the mandated disclosure regulation*." (Id. at *4; emphasis added.)  The case is thus radically distinguishable from the present case, in which the dispute concerns *only* portions of defendant's manual that defendant specifically "admits that [plaintiff] is entitled [to] under ERISA and applicable Department of Labor Regulations" (D. Mem. 6) because they have been found to be relevant to the processing of plaintiff's claim.

Finally, defendant suggests that failure to grant its motion will somehow undermine a protective order entered in litigation in a similar case in the Eastern District of Virginia.  (D. Mem. 5-6 & Ex. F.)  The claim is fatuous.  Nothing that occurs here undermines or precludes enforcement of any order entered in any other case.  Conversely, a protective order directing a

party in a particular case not to disclose particular materials certainly does not guarantee that those materials may never be disclosed by anyone else.  To the extent defendant cites the order in question as some sort of precedent, it is noted that the order apparently was not supported by any reasoning or opinion, and that orders denying protective orders to similar materials have been entered in other cases.  (Reimer Aff. Ex. A & B.)  Such decisions, in either direction, are of course not binding on this Court, and have no persuasive influence where their supporting reasoning is unknown.

Accordingly, for the foregoing reasons, defendant's motion for a protective order is denied.[4]

SO ORDERED.

Dated: New York, New York
         November 14, 2006

GERARD E. LYNCH
United States District Judge

---

[4] Because the reasoning set forth is fully adequate to decide the motion, the Court need not reach or rule upon plaintiff's argument that defendant's motion should be denied because defendant has engaged in disingenuous discovery practices and therefore has unclean hands.  (P. Br. 4-6.)